UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAMELA BENTLEY, on behalf of R.A.B., a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | No. CV-04-439-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 18), submitted for disposition without oral argument on October 4, 2005. Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolfe represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff filed for Supplemental Security Income benefits on March 26, 2002, on behalf of the four-year-old minor child, alleging onset as of date of birth, October 16, 1999. (Tr. at 46.) Benefits were denied initially and on reconsideration; a hearing was held

before Administrative Law Judge (ALJ) Richard Hines who denied benefits. Review was granted by the Appeals Council and the matter was remanded for consideration of additional issues. Following a second administrative hearing, benefits were denied. Review was denied by the Appeals Council. Plaintiff filed this appeal. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded the minor child had not engaged in substantial gainful activity since the alleged onset date. He found the child suffered from severe impairments including mastocytosis, asthma, and status post atrial defect repair, but the impairments neither met the Listings nor resulted in sufficient limitations to qualify for disability. (Tr. at 51.) The ALJ found the child had a marked limitation in health and physical well-being, but no limitation in any other domain. The ALJ found the subjective complaints not fully credible. Thus, the ALJ concluded the child was not disabled.

## STANDARD OF REVIEW

The standard of review applicable to juvenile claims for benefits is set forth in 20 C.F.R. § 416.924(d)(2000): the ALJ must determine whether a claimant's impairments "meet, medically equal or functionally equal a listed impairment in appendix 1 of subpart P, part 404 of the CFR." The claimant's impairment will medically equal a listed impairment "if the medical findings are at least equal in severity and duration to the listed findings." 20 C.F.R. § 416.924(d)(1) (2000). The impairment will be considered functionally equivalent if the claimant has marked limitation in two areas or extreme limitation in one area. 20 C.F.R. § 416.926a(a)

(2000). Functional equivalence may be shown in six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for self, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1) (i), (ii), (iii), (iv), (v), and (vi) (2001). In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011-12 (9th Cir. 2003), citing *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). The ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. § 416.923.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he relied on the opinion of the consulting medical expert rather than the medical evidence regarding diagnosis and treatment, which demonstrated an extreme limitation in the domain of health and well-being.

**ANALYSIS**

Plaintiff contends the ALJ erred when he relied on the testimony of medical consultant Dr. Robert Olson, who concluded the skin lesions and diarrhea routinely suffered by the child were less than an extreme limitation in the domain of health and physical well-being. The ALJ concluded the child suffered from a marked limitation in that domain rather than one that was extreme. The ALJ

noted the child's mastocytosis resulted in recurrent diarrhea and lesions, but appeared to be largely controlled, thus resulting in more of an inconvenience than disability. The ALJ also noted the child had touch sensitivity when lesions were present but evidence of a systemic condition was not established. (Tr. at 50.)

The regulations provide:

> We will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function.
>
> . . .
>
> (iv) For the sixth domain of functioning, "Health and physical well-being," we may also consider you to have an "extreme" limitation if you are frequently ill because of your impairment(s) or have frequent exacerbations of your impairment(s) that result in significant, documented symptoms or signs substantially in excess of the requirements for showing a "marked" limitation in paragraph (e)(2)(iv) of this section. However, if you have episodes of illness or exacerbations of your impairment(s) that we would rate as "extreme" under this definition, your impairment(s) should meet or medically equal the requirements of a listing in most cases. See §§ 416.925 and 416.926.

Dr. Olson testified there was no Listing for mastocytosis, but the impairment should be considered under Listing 105.07, involving chronic inflammatory bowel disease. That listing provides the following:

> A.  Intestinal manifestations or complications, such as obstruction, abscess, or fistula formation which has lasted or is expected to last 12 months;
>
> B.  Malnutrition as described under the criteria in

        105.08; or

    C.    Growth impairment as described under the criteria in 100.03.

Dr. Olson testified there was no evidence the child's digestive condition met these Listings.

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those cases have also found reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment, which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial

evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

The medical record indicated the child suffers from mastocytosis with chronic gastrointestinal troubles and chronic bowel disease. (Tr. at 152.) Treatment for asthma secondary to that condition resolved breathing difficulties. The child has also been treated for recurrent giardia, although there are no objective tests to confirm the diagnosis. (Tr. at 492.) Symptoms included chronic diarrhea and frequent blood in the stool along with skin lesions. (Tr. at 152, 163.) A treating physician noted in October 2001 that "she does have changes consistent with cutaneous mastocytosis and appears to have some systemic involvement as well." (Tr. at 163, 176 (unproven systemic component), 178 (will resolve with time).) There is no objective evidence of a systemic component based on examination and tests conducted at the Children's Hospital in Seattle in October 2003. (Tr. at 407-419.) Additionally, skin lesions were found to be minor. It was noted by the child's treating physician in October 2003, that the mastocytosis was well-controlled with medication. (Tr. at 492.) Dr. Olson also noted the child's height and weight are in the 50th percentile and no anemia has ever been reported. Those conclusions are supported by the record. (Tr. at 174, 325, 332-333, 385, 488.) Moreover, following heart surgery in May 2002, the child's recovery was successful and her heart defect completely resolved. (Tr. at 209.) Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is

1 **DENIED.**

2     2.   Defendant's Motion for Summary Judgment dismissal **(Ct.
3 Rec. 18)** is **GRANTED.** Plaintiff's Complaint and claims are **DISMISSED
4 WITH PREJUDICE.**

5     3.   The District Court Executive is directed to file this Order
6 and provide a copy to counsel for Plaintiff and Defendant. The file
7 shall be **CLOSED** and judgment entered for Defendant.

8     DATED October 31, 2005.

10                         S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE